UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MIGNON SCOTT, § <br> § <br> Plaintiff, § <br> § <br> VS. § <br> § <br> MOVING SOLUTIONS VAN LINES LLC, § <br> *et al.*, § <br> § <br> Defendants. § | CIVIL ACTION NO. 4:24-CV-02079 |

# MEMORANDUM AND ORDER

Before the Court is the Partial Motion to Dismiss filed by Defendants New Destiny, LLC and Moving Solutions Van Lines ("Defendants"). ECF No. 28. The only issue raised in the Motion is whether Plaintiff's state law claims under the Texas Deceptive Trade Practices Act (DTPA) are preempted by the Carmack Amendment. The Court held a hearing on the Motion on January 14, 2026, at which the Court expressed agreement with Defendants' argument but allowed Plaintiff five days to file additional briefing addressing the question of whether Plaintiff's DTPA claims relating to overcharges fell within the preemptive effect of the Carmack Amendment as interpreted by the Fifth Circuit. *See* Minute Entry of January 16, 2024. No additional briefing has been received.

Because the Court agrees with Defendants that, as interpreted by the Fifth Circuit, the Carmack Amendment preempts all state law claims arising out of the interstate transportation of household goods, including claims not directly related to damage or loss of goods, the Court now

**GRANTS** Defendants' Partial Motion to Dismiss and **DISMISSES** Plaintiff's state law DTPA claims **WITH PREJUDICE**.

The Fifth Circuit has consistently held that the Carmack Amendment to the Interstate Commerce Act "provide[s] the *exclusive* cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier." *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003) (emphasis original). "[T]he complete pre-emption doctrine applies" to the Carmack Amendment. *Id*. "The purpose of the Amendment is to establish uniform federal guidelines designed in part to remove the uncertainty surrounding a carrier's liability when damage occurs to a shipper's interstate shipment." *Heniff Transportation Sys., L.L.C. v. Trimac Transportation Servs., Inc.*, 847 F.3d 187, 190 (5th Cir. 2017). The Fifth Circuit "has repeatedly recognized the 'broad reach' of the Carmack Amendment." *Id*.

Plaintiff argues that her DTPA claims do not fall within the preemptive effect of the Carmack Amendment because they relate to Defendants' alleged failure to abide by a binding cost estimate for Plaintiff's cross-country move, rather than to alleged damages to or loss of Plaintiff's goods. But while the plain text of the Carmack Amendment speaks in terms of "loss or injury to property," the Fifth Circuit has interpreted the Amendment more broadly as "generally preempt[ing] state law claims arising out of the shipment of goods by interstate carriers." *Heniff Transportation Sys.*, 847 at 190. In *Moffit v. Bekins Van Lines Co.*, the Fifth Circuit held that all of the plaintiffs' state law claims relating to the late shipment of their belongings, including DTPA claims did not involve loss or damage of goods, were preempted by the Carmack Amendment. 6 F.3d 305, 306-07 (5th Cir. 1993). While the *Moffit* court did not provide a detailed explanation of the plaintiff's state law claims, it stated that to allow the plaintiff's DTPA claims would "defeat the purpose of the [Amendment] to create uniformity out of disparity" by "substitut[ing] a

paramount and national law as to the rights and liabilities of interstate carriers subject to the Amendment." *Id*. The same logic applies here to Plaintiff's DTPA claims.

Multiple district courts in this circuit have similarly found that the Carmack Amendment preempts state law claims relating to misrepresentations by interstate carriers. *See, e.g., Franyutti v. Hidden Valley Moving & Storage, Inc.*, 325 F. Supp. 2d 775, 776 (W.D. Tex. 2004) (finding that the plaintiff's DTPA claim that the defendant moving company "charged him a higher amount than orally agreed to and delivered the goods at least three days late" was preempted); *id*. at 778 ("[The Carmack Amendment] provides the exclusive cause of action for *any claim* arising out of the interstate transportation of household goods.") (emphasis added); V*on Der Ahe v. 1-800-Pack-Rat, LLC*, 597 F. Supp. 3d 1051, 1060 (N.D. Tex. 2022) (holding that DTPA claims regarding misrepresentations about the condition of a storage facility were preempted). Plaintiff has not cited any federal cases from the Fifth Circuit holding otherwise.

Plaintiff additionally maintains that her state law DTPA claims should not be dismissed because the federal regulations that governing an interstate moving company's violation of a binding estimate do not have preemptive effect. *See* ECF No. 30 at 3 (citing 49 C.F.R. § 375.401(i) and 49 U.S.C. § 14104(b)(1)(C)).[1] But this argument misses the point. Defendants' Motion argues that the preemptive effect of the Carmack Amendment is broad enough to encompass all state law claims arising out of the interstate transportation of household goods—even those, like Plaintiff's,

---

[1] Plaintiff relies on *Hamilton v. Moving Nation Deliveries, LLC*, No. 5:19-CV-527-BO, 2020 WL 2850903 (E.D.N.C. June 2, 2020) for the proposition that a plaintiff may be "entitled to relief under both federal law and state deceptive trade practices act for violations including 49 C.F.R. 375.401 and 375.403 for failing to follow federal law regarding binding estimates." *See* ECF No. 30 at 3. But even setting aside the fact that this is a district court opinion from outside of the Fifth Circuit decided on a motion for default judgment, the case is inapposite. Plaintiff in this case has not asserted a cause of action under 49 C.F.R. § 375.401 or 375.403, *See* ECF No. 1 at ¶ 10 (Complaint), and the *Hamilton* Court did not address preemption under the Carmack Amendment.

related to violation of a binding cost estimate rather than damage or loss of goods. Defendants do not claim that the federal regulations cited by Plaintiff have preemptive effect, nor do they need to. Because the Fifth Circuit has broadly interpreted the preemptive effect of the Carmack Amendment, the existence of separate federal regulations regarding binding estimates does not impact the analysis.

The Court therefore **GRANTS** Defendants' Partial Motion to Dismiss (ECF No. 28). Plaintiff's state law DTPA claims are **DISMISSED WITH PREJUDICE**. Plaintiff's claims under the Carmack Amendment may proceed.

**IT IS SO ORDERED.**

Signed at Houston, Texas on February 2, 2026.

Keith P. Ellison
United States District Judge